DEAN v. SUSADE, ADMINISTRATOR OF QUICK, DECEASED.

1. Where a case is referred, under the statute, at circuit, and a dissent entered, and the *postea* and report filed in favor of the defendant, and the plaintiff, at the same term, demands a trial by jury, and files his exceptions according to the statute, and the case is regularly noticed by the plaintiff for trial at the succeeding circuit and not moved; and the plaintiff not showing sufficient reason for not proceeding with the trial before the circuit; the true practice is, to dismiss the exceptions, to vacate the rule for a *venire* and to confirm the report and enter a judgment *de novo*, the same as when a rule to show cause has been dismissed in an ordinary case.

2. Upon entering judgment the defendant is entitled to tax the costs of all proceedings subsequent to the filing of the *postea* and report of the referee.

In case. On motion to dismiss exceptions, &c.

Argued before Justices BEDLE and DEPUE.

For the motion, *Flemming*.

Contra, *Dixon*.

The opinion of the court was delivered by

BEDLE, J. This case was referred under the statute, at the circuit, and a dissent entered. The *postea* and report were filed November 11th, 1873, the same being in favor of the defendant. The plaintiff, at the same term, demanded a

trial by jury, and filed his exceptions according to the statute. The case was regularly noticed by the plaintiff for trial at the succeeding Hudson circuit, and not moved. Whereupon the defendant applies for a dismissal of the exceptions, a vacation of the rule for a jury trial and judgment upon the *postea* and report of the referee. The affidavit produced by the plaintiff does not disclose a sufficient reason for not proceeding with the trial before the circuit. Under these circumstances, the defendant is entitled to his motion. A rule for judgment *nisi* had been obtained by the defendant upon the *postea*, at November Term, and the demand for the jury trial operated as a vacation of that rule, the same as a rule to show cause in an ordinary case of judgment *nisi*. The plaintiff not having prosecuted with due diligence, the true practice is to dismiss the exceptions, to vacate the rule for a *venire*, and to confirm the report and enter a judgment *de novo*, the same as when a rule to show cause has been dismissed in an ordinary case. Upon entering judgment the defendant would be entitled to tax the costs of all proceedings subsequent to the filing of the *postea* and report of the referee.